FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

JUN 01 2021

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

United States District Court
for the
Northern District of Georgia
Atlanta Division

Larry D. Pinson & Lennelle O. Pinson
Larry Jr., Lawrence, Lamar, Lance,
Lawrson, Lawron Pinson s(Six Sons)

Plaintiff

Case No. 3:21-CV 089

United States

Defendant

## FEDERAL TORT CLAIM ACT VIOLATION

### Federal Tort Claims Act

The Federal Tort Claim Act (FTCA) is a limited waiver of the sovereign Immunity of U.S. It was passed in 1946 in order to make the federal government liable for certain torts and actions of its employees in the same way a private individual might to liable, although with many exceptions. TitleIV 60 Stat. 812, "28 U.S. C. Pt. VI ch `7`"28 U.S.C $$ 346(b),2671-2680. It allows recovery "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

**Statement**

The government agency (Veteran Administration) was presented claims under the tort provision (28 C.F. R. $ 14.2 - (A) - (B). These claims were denied 28U.S.C. $ 2401(b) thereby evoking the Plaintiffs right to file suits in U.S. District Court.

In order to bring a valid action against the United States under the FTCA, all administrative remedies must be exhausted and the claim filed with the two -year statute of limitation. Which is the case and point of this lawsuit.

(a) For purposes of the provisions of 28 U.S.C. 2401(b),2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss property, personal injury, or death alleged to have occurred by reason of the incident. (1) A claim shall be presented to the Federal agency whose activities gave rise to the claim. A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency.

The FTCA provides a limited waiver of the federal government's sovereign immunity when its employees are negligent within the scope of their employment. Under the FTCA, the government can only be sued "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. $1346(b).

## Jurisdiction

Since the complaint is filed in federal court, notice pleading is the rule. See Rule 89a F.R.C. The basis upon which the court's jurisdiction is predicated under, 28 U.S.C. $1346(b) administrative claims has been presented and was denied. Plaintiff presented a claims according to statue (FTCA) and requirements. The provision of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. $1346(b),$1402(b), and $ $2671-2680. Presentation of an administrative claim to the appropriate agency is a jurisdictional prerequisite to suit. McMeil v. United States (1993) 508 U.S. 106. 113 S Ct. 1980, 28 U.S.C. $2675. The claim must include the amount of damages sought and must include sufficient information to allow the agency to investigate the merits of the claims. 28 C.F.R., Part 14.

*In accordance with the FTCA, sections 1346(b) administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated, however, within 6 months after the dare of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If such a suit is filed, the proper party defendant would be the United States, not VA.*

The Federal District courts have exclusive jurisdiction over the FTCA actions.

## Equitable Tolling Applies

*See, e.g. Tupac v. United States, 897 F#d 1197, 1207 (9th Cir. 2018), cert. denied, 139 S. Ct. 817 (2019)(explaining that a court may toll the two-year time limit, but only if the plaintiff shows, "among other things, that "fraudulent conduct by the defendant result[ed] in concealment of the operative facts" (alteration in original)(quoting Fed. Election Comm'n v. Williams, 104 F3d237,240-41 (9th Cir. 1996))). Additionally, sometimes a plaintiff cannot fairly be expected to file an administrative claim within two years of his injury, especially when "the fact or cause of an injury is unknown to (and perhaps unknowable by) a plaintiff for some time after the injury occurs. "E.g. Dominiguez v United States, 799 F3d 151, 153 (1st Cir. 2015) (quoting Rakes v. United States, 442 F3d7, 19 (1st Cir. 2006)). In such instances, "the statue of limitations clock does not begin to run until the putative plaintiff knows of the factual basis of both his injury and its cause. "Morales-Melecio , 890F3D at 368.See also, e.g.., Tunac, 897 F3d at 1206-07 . reasonably be expected to bring suit. " A.Q.C. ex rel. Castilo v United States, 656 F3d 135, 140(2d Cir. 2011).*

Statue of Limitation could be Equitably Toll as a result of the V.A concealment of the Medical Records whereabouts. This resulted in a Privacy Violation as well as unauthorized Medical Record destruction and negligent actions.

**Venue**

Venues lies only in the district where the plaintiff resides or where the act or omission occurred. 28 U.S.C $ 1402. 32 CFR $ 750 . 32 suits under the (FTCA). Through the enactment of the FTCA, the government has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts or omissions of its agents who act within the scope of their employment. Specifically, the FTCA allows the government to be held liable in tort for any negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance wth the law of the place where the act or omission occurred. 28 U.S.C. $ 1346(b).

The federal district courts have exclusive jurisdiction to hear claims cognizable under section 1346(b). Id.

*However, the exceptions to the FTCA's waiver of sovereign immunity that appear in 28 U.S.C. $ 2680 limit the federal courts's jurisdiction to hear FTCA claims and, if applicable, bar a suit brought against the government.*

**Background**

During the National VA Cover Up Scandal of 2014, Veterans was contacted by phone to respond to official VA VISN-16 inquiry. Veteran was requested to forward all documents in his possession to the VA employee (Thelma Simmons) at the VA hospital Muskogee

Oklahoma and another VA employee (Andrea Poulin) in Flowood Mississippi VISN-16. The Veteran spoke with both employees who indicated they were assigned to respond to Veteran request for Refund/Reimbursment. Veteran complied as required by the VA Officers. Veteran certified mailed and faxed all document to these two VA employees per request. Ms. Simmons and Ms. Poulin Stated "We need all of your (Mr. Pinson) records" They never requested or indicated a need for a Privacy Release Form or a Standard VA Claim Form, (HCFA Form 1500/UB92/UB04) before insisting that I supply them with all of my Medical Records. I faxed and mail 714 pages of Medical Document **etc.,** once they were received, I received a phone call from Ms. Thelma Simmons as well as Ms. Andrea Poulin both indicated that some of the copies I faxed were not legible. So I Certified Mail legible copies to both parties per their request. They assured me that they would work as fast as they could to complete my claims. The information sent to them was sensitive and personal health information and they stated they would return the original documents, that I entrusted to them.

It was also said by these two VA Individuals (Ms. Thelma Simmons and Ms. Andrea Poulin) that I (Larry Pinson) should not contact CNN Media Network. They said if I did they would be force to stop working on my claims.

bb. **Sensitive Personal Information.** Sensitive personal information (SPI), with respect to an individual, means any information about the individual maintained by an agency, including the following: (1) education, financial transactions, medical history, and criminal or employment his tory; and (2) information that can be used to distinguish or take the individual's identity, including name, social security number, date and place of birth, mother's maiden name, or biometric records. SPI is a subset of VA Sensitive Information/Data. See 38 U.S.C. 5727. **NOTE:**The term "Sensitive Personal Information" is synonymous and interchangeable with "Personally Identifiable Information".

Veteran became aware of this requirement by another VA employee **(See Ext. 1 Lasha-Baylis letter dated January 30, 2015 No Claim on File).** Thereafter, veteran pursue the whereabout of the over 700 pages of documents certified mail and faxed to secure lines to (2) different VA facilities per their request. **(See Ext. 2 List of records sent).**

Veteran awaited a response letter after all the required information was submitted. The VA never requested any additional information from the veteran with regards to the requested refund/reimbursement. VA never issued a final VA decision. Veteran was never notified concerning review of records. Veteran pursued this matter relentlessly from July 2014 until August 2018. Veteran wrote letters, phone calls, and spoke with many VA employees for several years. Not until 2018 this Veteran learned of the whereabout of his records after speaking to almost 35 VA Officials. No VA employee would provide an answer to the whereabouts of the records. **(See Ext. 3 List of VA employees contacted).** This establish the fact that the Veteran (Mr. Pinson) was not seeking any benefits from the VA, as indicated by their lack of a claim form on file. However, Veteran was seeking a refund for out of pocket expenses, medical expenses, medical bills and other related expenses, he incurred as a direct result of the VA failure to perform its legal duty as appointed by congress. (Text-S.2372-115th congress-(2017-2018)VA Mission Act-Secretary of VA affairs.The VA have a duty to assist when a Veteran request a response to his medical records. This evoke the duty to assist, nevertheless this did not occur. Veteran contacted DAV in Atlanta Ga, who requested any remaining documents that Veteran maintained. Some original documents were requested by VA Officials and never returned. After, review DAV forwarded documents bills, medical Information in support of the Veteran request for refund to Fee Basis at the Atlanta, Georgia VA., and Intake processing center IPC also in Atlanta Georgia . DAV hand carried records over, on October 30,2015. **(See Ext. 4 document hand carried to Official VA Hospitals).**

On November 5, 2015 the DAV, sent another request for Refund/Reimbursement, no response received, nor no denial nor acceptance ever received. **(See Ext. 5 Letter dated November 5, 2015).** Veteran approached VA in regards to No Response. DAV sent another letter to a different VA department, (**See Ext. 6 Letter January 13, 2016).** Veteran mailed copy of Medical Information and other documents to the Director of Eligibility and Atlanta Regional Benefit office. Veteran awaited a response to the document submitted and refund/reimbursement. **(See Ext. 7 & Ext. 8 Certified Mail to Eligibility Office/Atlanta Regional Office).** Many more contacts were made to VA at various levels to get a VA response as to the whereabouts of the Veterans records sent in to VA as evidence of his out of pocket expense and medical records. The negligent actions by these VA employee acting within the scope of their duty, ignored or did not response, to the Veteran for a refund/reimbursement. As a result of a breach or non performance of a legal duty through negligence.

*The most common tort claim is based on the negligence of the defendant. In each negligence claim the plaintiff must establish by preponderance of the evidence the (1) the defendant had a duty of due care, (2) the defendant breached that due, (3) that the breach of duty both actually and approximately as caused harm to the plaintiff, and (4) that the harm is measurable in money damages.*
*The VA negligence is therefore actionable resulting in damage and injury to the Veteran and is family. They had a legal duty imposed by congress.*

*The breach or nonperformance of a legal duty, through neglect or carelessness, resulting in damage or injury to another. Roddy v. Missouri Pac. R.Co..104 Mo.234. 15S. W. 1112 12 L.R. A 740, 24 Am. St.Rep. 333; Boardman v. Creighton, 95 Me. 154, 49 Atl.003; llale v. Grand Trunk R. Co., oo Vt. C>05. 15 All. 300. 1L.R. A. 187: Fidelity & Casualty Co. V. Cutts. 95 Me. 102, 49 Atl. 073.*
This breach or nonperformance is the direct cause of the Veteran request for a refund reimbursement. The negligent VA employees failed in there responsive role as employee of the government (VA).

This part of the case is not a request for a VA benefit award to an individual. Veteran duty imposed by congress on the VA.

*"That the argument often used by the VA that benefit claims are to allowed under FTCA Claim". This is mute, a request for benefit and a duty of care are not the same. In regards to the duty of care: the duty impose by congress on VA. 1). To implement and establish boundary for that care, being the instrument or entity task with that and establish duty. 2). To execute and administer that duty of care to the Veteran of America, and neither being a request for a particular benefit.*

Furthermore, had the VA employee applied due diligence, this matter would not be before the court today. This evident by the fact that the Veteran is 100% service Connected Disable Veteran **(See Ext. 9 Letter VA award 1977).** However, as a direct results of the breach and non performance of their legal duty through neglect and carelessness. Veteran was informed he was not eligible for medical care through the VA for several years. Veteran made several attempts to get the VA to correct records. VA employees discover Veteran had no effected date in system. Therefore denial of service and benefit was erroneous. The HING report still does not to show Veteran eligibility date. After, the alleged correction in 2010 by Micheal Voigt a VA employee **(See Ext. 10 letter from Mr. Voight)** Another VA employee attempt to contact HEC, another service, who indicate date eligibility date are encoded backwards and they could not correct it only a Regional Officer have the ability and authorization to fix it. **(See Ext. 11 HEC Letter)**. The issue of eligibility it appears the VA does not know the exact date Veteran became eligible for VA Disability Benefits **(See Ext. 12 Eligibility Issues)**, as I previously stated this is not an issue of benefit, the Veterans has been receiving maximum VA benefits or over 20 years.

This issue is about VA employee negligence and omission and privacy violation while acting within the scope of his/her office. The issues of eligibility was addressed (September 23, 2014) 2 months after records request made by Muskogee Oklahoma (Thelma Simmons VA employee) and (Andrea Poulin VA employee of Flowood Mississippi). This admission should have provided the necessary approval needed to release payment to Veteran. VA had all at the documents necessary to adjudicate the case during the 2014 VA scandal. **(See Ext. 13 Letter VA Director ).**

By its terms, the FTCA grants jurisdiction for actions on monetary claims for injury, property looser death "cause by the negligent or wrongful act or omission of any employee of the government. " 28 U.S.C $1346(b).

**Records:** After the Veteran sent in all Medical Records and other related documents, (bills, receipts, and medical cost, mileage, service fees,), After no response, Veteran turn to his congressional Representative Jim Bridestine/cc Ashley Wells case worker. Who made multiple contact help the Veteran, received an answer to his request, and the whereabouts of his documents. Ashley Wells received several responses to the Veteran Inquiry. However, no direct decision on refund/reimbursement request , no up date on the records whereabout. In fact, what she received was disturbing and outrageous in light of the seriousness of the issues. Muskogee indicated that, the Veteran only submitted hand written bills, no medical records at all. The other two (2) agencies would not respond . **(See Ext. 14 emails from Ashley Wells received from VA ).** Ms. Wells stated in her email that the VA consider this a close matter. This was address previously by the same office in 2014 and 2015.

If the matter was closed as indicated why would the same VA facility in Muskogee Oklahoma issues a letter from the Privacy Officer date September 26, 2017. **(See Ext. 15, Mr. Ronnie Jamerson)** The congressional received a response, but the Veteran has been waiting for at least 4 years for an official to respond to all the records submitted to (4) four different VA facilities: 1). Muskogee, Ok. 2). Jackson, Ms 3). Denver Co. 4). Atlanta, Ga.. The first Official notification to the Veterans records was a (No Records) response on August 25, 2017 from the VA in Muskogee Ok., **(See Ext. 16 Marie Zaeppfel).** The VA referred Veteran to Office of General Counsel to file a claim. VA Privacy Official sent letter to Veteran with regards to **(Records not found) (See Ext. 17 April 25, 2018 Mr. Jamerson Letter.** Muskogee Ok. Mr. Jamerson Privacy Officer letter directed Veteran to file a claim with General Office - regarding "No Record" could be found. Veteran started receiving letters from various VA facilities. Denver Co.: VA employee Jason Strickland Chief Congressional Response Team said "We reviewed over 700 pages Mr. Pinson submitted and did not find information required to adjudicate a claim". (**See Ext. 18 October 5, 2017 Mr. Stickland letter).** Oklahoma City: Brendon Privacy Officer Letter said " Your faxed document was received by the Flowood , Mississippi Center. **(See Ext.19 April 16, 2018).** Muskogee Oklahoma VA Hosptal Privacy/FOIA Officer stated " We have received and **reviewed y**our complaint letter government employee acting in the scope of employment the caused you harm! **(See Ext. 20 June 5, 2018 letter from Mr. Jamerson)**. Mr. Jamerson stated " It has been determine by Privacy Officer that these documents was lost or destroyed.

Veteran Administration VHA Privacy Office Washington ,D.C. Christian Loftus **(See Ext. 21 Christian Loftus Privacy Official June 5, 2018)** stated " The Muskogee VAMC received Medical records you sent them, in 2014. Unfortunately a storm caused damages to roof of the building that your records were stored in upon receipts of your complaint, staff conducted a through search but was unable to locate your records. (Records Lost or Stolen). VHA Privacy Office June 21, 2018 Christian Loftus - Privacy VHA Specialist - state " You requested date of storm" The dated of the storm was July 14, 2016. (**See Ext. 22 Mr.Loftus Letter date June 21, 2018).** Two years passed and the VA did not informed the Veteran that this allege storm took place. Jackson Mississippi, Medical Center Marzetti McCall Privacy Officer VISN-16 stated " After reviewing the documents you sent and interviewing staff I am unable to substantiate you allegation "No Record".**(See Ext. 23 Mr. McCalls letter dated July 5, 2018).** VHA Privacy Office Christian Loftus stated " We agree with VA Muskogee that this is a Privacy Violation - Loss/stolen of your records. We have no further information about your medical records. We are unable to investigate any further". **(See Ext. 24 VHA Privacy Office Washington, D.C. August 10, 2018).**

VHA Privacy Office Washington D.C. Christian Loftus stated " The document mailed to the VISN-16 Office were destroyed after review". (Jackson, Mississippi) VAH. "We reviewed over 700 pages, his language used in the correspondence is to explain the agency process" Denver Colorado. "In both cases your document were destroyed'. **(See Ext. 25 VHA Privacy Officer Washington D.C. Christian Loftus August 14, 2018).**

The VA submitted 10 letters from various VA facilities alleging : Records stolen, Records loss, Records destroyed, Records missing, Records whereabouts unknown, Records loss during a storm, Records destroyed, Records reviewed then destroyed, Records missing/destroyed. This was stated to the Veteran from at least (4) four of the documented letters that a Privacy Violation had occurred. This was evidence needed to secure my refund/reimbursement not to mention a lot of Privacy Information. **(See Ext. 26 Complaint Letter pages 9-15 April 6, 2018).** The record that was destroyed contain sufficient information to justify the diagnosis and warrant the treatment provided www.oar.state Ok /view HmL 310;667-19-8 Content). **(See Ext. 27 content of medical records).** These records contain lot of Personal Information that is now in the public hands, as a direct results of negligence by several VA employee acting within the scope of their employment. **(See Ext. 28 Document that was mailed to VA for Review).** Due to the number of pages Veteran is not able to incorporate the entire letters in to this summary background. However, Veteran request the (court) Judge please review the Complaint Letter, this letter contains extensive information with regards to this case, especially page 9 to 15 of that letter with regards to VA requirements in privacy matters. **(See Ext. 26 Complaint Letter data April 6, 2018).** Veteran is attaching to this complaint the 2014 VA scandal Archive that lead to the VA exposure with regard to this nations veteran. **(See Ext. 29 2014 VA Scandal).** Veteran Medical Records are protected by state retention law. Federal retention of record is base on state laws. In the state where the records are kept. Veteran had Medical records in the following states (destroyed/stolen, lost, and missing).

1. Oklahoma- year from date record was received. 2. Mississippi - 10 years record must be kept. 3. Denver Colorado, - 10 years after most recent care (6) year Hippa 4. Georgia - 10 years from date record was created. The VA actions to destroy Medical Records violate State Statue. **(See Ext. 30 State Retention Statue).**

*Our United States Constitution requires that every person is entitled to a fair trial. Destruction of alteration of medical records is in direct violation of that right. A person will be guilty of destruction alteration, or falsification of medical ardor's when they knowingly and willfully destroy, alter, or falsify any record with the intent conceal any material fact relating to potential claim or cause of action. Therefore the statue can be violated in three different ways: Destroying, Altering, Falsifying. If a per son does an of these to medical records wit intent to conceal material facts, then they will be guilty of a crime. O.C.G.A $16-10-94.1.*

Most states have a statue with Penalty for unauthorized destruction of medical records. Veteran records destroyed/missing in (4) four different VA centers. This is alarming and very disturbing. In the absence of any state law to the contrary, medical offices must ensure paper and electronic records are destroyed by a method that provides for no possibility that the protected health information can be reconstructed. This was Veteran evidence in a claim for refund/reimbursement. Veteran discovered new evidence involving fraudulent concealment and private violation that have elements of identity thief, which will be discussed more thoroughly in Claims and Arguments.

**Claims #1 - Intentional Infliction of Emotional Distress**

VA negligence actions cause Veteran and family members unnecessary and undue emotional distress.

*Intentional infliction of emotional distress allowed under the FTCA Truman v. United States, 26 F.3d 592 (5th Cir. 1994). Several other federal circuit courts of appeals have held that the FTCA does not except such a claim from being brought against the government for the acts of its employees. See Santiago-Ramirez v Secretary of Dep't. of Defense, 984 F.2d 16, 20 (1st Cir 1993); kohn v United States, 680 F2d 922 (2d Cir 1982); Gross v United States, 676 F2d295, 304 (8th Cir. 1982); Sheehan v. United States 896 F 2d 1168, 1172 (9th Cir. 1990).*

Complaints is plainly for intentional of emotional distress. Such a claim has been recognized as a tort by Texas courts.Twyman v Twyman, 855 S. W. 2d 619, 620 (Tex 1993); Restatement (Second) of Torts $ 46 (1965).

In addition to the foregoing analysis, we recognize that in section 2680(h). Congress determined to except certain torts from the FTCA's general waiver of sovereign immunity. Intentional infliction of emotional distress was to included among these enumerated torts. Expressio unius set exclusion alterius. Given the specific exceptions enumerated in section 2680(h), the government cannot claim intentional infliction of emotional distress was also ex-communicated from the FTCA.

**Claims #2 - Intentional Denial and Rejection of Veteran Claim**

When veterans receive emergency care at No-VA facilities, they can file for reimbursement of non-VA emergency care costs. If claims are denied or rejected, on VA facilities and providers can bill the veterans for some or all the costs of the emergency care services provided. The audit team's nationwide accuracy review found that an estimated 31 percent of denied or rejected claims could shift the financial burden of non VA care from VA to veteran. The remaining processing errors are also significant, as claimants did not receive complete and accurate information regarding why their claims were not approved. In other words, the procedural errors created a risk that claimants could not effectively respond with necessary information to obtain claim approval and payments. Clear communication about claims status is critical for veterans to respond to denials and rejections in a timely manner. However, during the course of the audit, the OIG team found a significant backlog in mail processing that created a risk that veterans would not be informed of a claims decision or would in formed too late to resubmit or appeal. ( **See Ext. 31 Office of Inspector General Audit Report 18-00469-150 August 6, 2019).**

**Claim # 3 Privacy Violations**

**VHA Privacy Office in Washington, D.C. that a Privacy Violation had occurred, by government employee acting within the scope of their job in Muskogee, Ok., Atlanta Ga., Denver Co. and Jackson, Miss. The actions of the government employee caused an Invasion of Privacy.**

**Claims # 4 - Lost of Medical Records**

Muskogee Eastern Oklahoma VA Health Care System (Mr. Ronnie Jamerson). Lost Medical Records. Alleged worker acting within scope of their employer, lost over 700 pages of Medical documents, bills, receipts, reports, narrative, etc. **(See Ext. 15 Jamerson September 26, 2017).**

**Claims #5 - Allege No Records**

Muskogee Ok. VA Hospital Allege "No Records" ever presented. Report to Veteran Congressional Representative that Veteran only submitted hand written notes. **(See Ext. 14 email from VA)** Rep. Jim Bridenstine cc Ashley Wells, email date September 26, 2017 #1 Handwritten bills.

**Claims #6 - Office of Community Care Denver Co.**

Alleged that Medical Records was reviewed and did not find ay thing of value (to adjudicate claims). Destroy evidence needed in Veteran claims for refund/ reimbursement. (Medicals records over 700 pages destroyed. **(See Ext. 18 Mr. Stickland Letter dated October 5, 2017).**

**Claims #7 - Medical Records should have been coded into system**

Veteran Medical Documents forward to another place **(April 18, 2018)** Medical Records

according to VA Privacy Guidance stated Medical Documents should have been coded into system to protect (PHI) Personal Health Information. Failure to encode medical documents resulted in negligence and omission, which contribute to Veteran Medical Records being Lost/Stolen. This provided no recapture of documents. **(See Ext. 19 Oklahoma VA Brandon Privacy Officer).**

**Claim #8 Medical Records Negligently destroyed**

Department of Veteran Affairs Veteran received letter from Privacy Officer and directed to veteran to file a claim with government. Medical Records negligently destroyed. **( See Ext. 17 Mr. Jamerson Letter dated April 25, 2018).**

**Claim #9 Muskogee Business Office (VA)**

The search for your Medical Document over 700 pages of documents mailed to Eastern Oklahoma VA Health Care System on June 23, 2014, it has been determined by Privacy Office that this documents was lost or destroyed on the part of government employee acting in the scope of employment. **(See Ext. 20 Department of VA Letter dated June 5, 2018).**

**Claim #10 File Record in Cabinet, Storm Damage Roof Record Disappeared**

VA employee view Medical Document and file in cabinet stated " unfortunately a storm caused damage to the roof of the building that the Veteran Records were kept Question? Storm Damage? My records alone disappeared. No one made a report about stolen records. No one contacted Veteran about missing records.

**Claim #11 Veteran requested date of storm. According to VA in Washington D.C. the allege storm occurred on July 14, 2016.** Evidence has been discovered that

refute this statement. For (2) two years, Veteran personal and Medical Information was floating around on the Dark Web in the hands of Identity thieves. For (2) two years the VA negligence to tell the Veteran that is medical records and other pertinent personal information was stolen. This was am act of concealment.

**Claim #12 Destruction of Records & Privacy Violation (Jackson Ms )**

VA Privacy Officer McCall stated he could not substantiate Veteran Claims of sending over 700 pages to his center. VA employee stated she received documents and had discussion with a VA employee at Muskogee Ok. and emailed Veteran Congressional Representative the document was destroyed after her review. Record destruction as supported by VA Christian Loftus of Washington D.C.

**Claim # 13 VISN-16 Privacy Specialist Confirms Privacy Violation**

The Muskogee Facility, VISN-16 and the VHA Privacy Office has reviewed your complaint about the missing/destroyed documents and notified you (Veteran) of the Privacy Violation. "We unable to investigate this matter any further. VHA privacy specialist confirms that Muskogee, Ok and the VISN-16 Flowood, Ms did violate Veteran Privacy. **(See Ext. 24 VHA Privacy Officer Washington D.C. August 10, 2018).**

**Claim # 14 VHA Never Received Veteran Records**

VHA Privacy Office Washington D.C., according to Privacy Officer the VHA Officer of Community Care never received Veterans Records. They were explaining what occurred to the Veteran and Congressman. In both cases Veteran document were destroyed. . **(See Ext. 25 VHA Privacy Officer Washington D.C. August 14, 2018).**

**Claim # 15 Court Decision 2016 VA Has Short Change Veteran Since 2009**

As a direct result of the VA concerning the fact that my Medical Records was lost or destroyed. Veteran was not able to re-apply for refund from VA with regards to the Stab v. Shulkin case for reimbursement. Veteran have no evidence as a result of the destruction.

*Veteran have one year to appeal a denial of reimbursement for emergency medical expenses they incurred outs the VA system. If the claim was denied because they had partial secondary insurance, they should keep their claim alive by appealing to the Board of Veterans' Appeals. Veterans in this situation should file VA form 21-0958. Veterans who have not yet filed a clam for reimbursement should file a formal written claim with the VA's Veterans Health Administration.*

Medical Records, the VA was fully knowledgable of the fact that this Veteran could have been refunded money spent, as a result of their negligence. The concealment prevented Veteran from pursuing a claim refund.

**Arguments**

In response to General Council letter, even after receiving new information that a government employee acting in scope of their duty was negligent No Response. For the record, there appears many employees through out this process was negligent acting in their role as a government employee. The General Council failed to provide a list of documents and will cite the C.F.R. (Code of Federal Reg. violation). The initial letter will also contain a list of documents that the agency wants you to provide. It will cite the Code of Federal Regulations (CFR) and indicate that our failure to provide this material may be grounds for dismissal of the claim. The General Council Office did not send a Deficiency Notice Letter after receiving additional (new information) with multiple claim persons. They did send an acknowledgment letter. **(See Ext. 32 Veteran Rebuttal Letters concerning Destruction of Records (Jamerson, Strickland McCall).**

**(See Ext. 33 General Council Final Decision Letters)**

## Damages

*If the Plaintiff prevails, damages are measured by the law of the place where the negligent act or omission occurred , determined by applying the whole law of that jurisdiction. Richard v. United States.(1962) 369 U.S. 1, 6-7. Generally, damages under the FTCA are governed by state law. However, a plaintiff can potentially recover damages in excess of the amount he initially requested if the plaintiff can demonstrate"intervening facts" or "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency" that warrant a larger award.*

*Health data is a tempting target for thieves for a number of reasons. For one, its actually more valuable than financial information. "[O]ver the past couple of years, we've identified that medical information has a higher value on the black market that credit card information, "Pat Calhoun, Senior Vice President of network security at Intel Security, told the Atlantic.*
Another reason that hackers have set their sights on medical data is that it's often much easier to access the financial information. Banks and other financial service providers have stepped up their online security in recent years, but many health insurers and hospitals are behind the curve.

Combine a high black market value with easy access and an increasing reliance on electronic health records, and you have the perfect storm for a spike in medical identity theft. And once thieves have that information they can do virtually anything with it.
**(See Ext. 34 State Damage Caps for Torts Claims)**

## New Discovered Evidence

Veteran discovered New evidence concerning records ad new information with regard to the Private Violation. Veteran and family have suffered a lot as a result of the VA actions. Veteran - Newly discovered claim (See ext. 35) :

Listed are Items 1-8
1. Identity Theft
2. Credit Bureau Fraud
3. F.T.C. (Fradulent Activities)
4. Police Reports (2)
5. CFPB- Complaint
6. Lost of Home Purchase After Investigating over 50,000.00
7. Eviction, not for lack of payment but for Credit and Holdover
8. Homelessness, as a result of Lost of one due to identity theft

## Conclusion

WHEREFORE, the Plaintiffs pray the court will grant the Petitioners Claims for damages according with Maximum allowed by the states Oklahoma, Mississippi, Colorado, Georgia for Torts. In the absence of such that this court will grant hearing on the Petitioners request for any other just and equitable relief to which the Plaintiff may be entitled.

Larry D. Pinson Sr.

Lennelle O. Pinson

## Certificate of Service

This is to certify that a true and correct copy of the Plaintiff complaint/summons was Certified Mail to the listed attorneys on this 1st day of June 2021 (Returned Receipts Requested).

Attorney General Merrick Grand
U.S. Department of Justice
950 Pennysylvania, Ave. NW
Washington, D.C. 20530

Larry & Lennelle Pinson
1450 Newnan Crossing Blvd.
#11105
Newnan, Ga. 30265

United States Attorney's Office
U.S. Attorney Kirt R. Erskie
Richard B. Russell Federal Building
75 Ted Turner Dr. SW Suite 600
Atlanta , Ga. 30303-3309

Honorable Denis Richard
Office of Veteran Affairs Headquarters
441 4th st. NW Suite 707 North
Washington, D.C. 20001

Pro Se Larry D. Pinson Sr.

Pro Se Lennelle O. Pinson